Peter M. de Jonge, Utah Bar No. 7,185
Jed H. Hansen, Utah Bar No. 10,679
Eric E. Westerberg, Utah Bar No. 12,712
**THORPE NORTH & WESTERN, L.L.P.**
8180 South 700 East, Suite 350
Sandy, Utah 84070-0562
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff*,
Connor Sport Court International, LLC

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CONNOR SPORT COURT INTERNATIONAL, LLC a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERSPORT CONSTRUCTION, INC. an Illinois Corporation doing business as WEBUILDSPORTS.COM; ECHO SPORTS CORPORATION; and DAVID A. VANDERVEEN, an individual residing in the state of Illinois,<br><br>Defendants. | Case No.  2:13-cv-00162-TC<br><br>**COMPLAINT<br>WITH JURY DEMAND**<br><br>Judge: Tena Campbell |

Plaintiff Connor Sport Court International, LLC ("Sport Court") by and through its counsel, hereby files this Complaint with Jury Demand against Defendant Supersport Construction, Inc. doing business as webuildsports.com ("Supersport"), and David A. VanderVeen ("VanderVeen"), and Echo Sports Corporation ("Echo Sports") (collectively "Defendants") and alleges as follows:

## THE PARTIES

1. Plaintiff Connor Sport Court International is a Delaware corporation with its principal place of business in Salt Lake City, Utah.

2. Upon information and belief, Defendant Supersport Construction, Inc. is a Illinois corporation with its principal place of business in Winfield, Illinois.

3. Upon information and belief, Defendant David A. VanderVeen is an individual residing in Winfield, Illinois.

4. Upon information and belief Echo Sports Corporation was an Illinois corporation with its principal place of business in Wheaton, Illinois.

5. Upon information and belief, VanderVeen is the owner and president of Supersport.

6. Upon information and belief, VanderVeen was the owner and president of Echo Sports.

7. Upon information and belief, VanderVeen and Supersport are the successors-in-interest of Echo Sports.

## JURISDICTION AND VENUE

8. Sport Court brings this action pursuant to Lanham Trademark Act, Title 15, United States Code § 1051, *et seq*, Utah Code §§ 13-11A-3, § 13-5A-102, 103 and Utah common law.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 1338 and 15 U.S.C. §§1114 and 1125.

10. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391 since the Defendants conduct continuous and systematic

business directly related to the trademarks at issue in this case, which trademarks are owned by a company in this judicial district.

11. Upon information and belief, this Court has personal specific jurisdiction over the Defendants as they have purposefully directed their activities toward the state of Utah such that Defendants have sufficient minimal contacts with the state of Utah and this action is based upon activities that arise out of or relate to those contacts.

12. Additionally, upon information and belief, this Court has personal specific jurisdiction over Defendants pursuant to the Defendants' agreement with Sport Court's licensee (the "Agreement"). *See* ¶ 32 of Agreement, attached hereto as Exhibit A.

13. Additionally, upon information and belief, this Court has general personal jurisdiction over the Defendants since their contacts with Utah are substantial, continuous, and systematic.

14. Upon information and belief, the Defendants jointly conduct the activities complained of herein and are jointly and severally liable for the same.

## GENERAL ALLEGATIONS
### SPORT COURT'S TRADEMARKS

15. Sport Court is the owner of U.S. Trademark Reg. No. 1,100,976 for SPORT COURT for use in connection with "recreational patio installation services." *See*, Exhibit B.

16. Sport Court is also the owner of U.S. Trademark Reg. No. 1,155,586 for SPORT COURT for use in connection with "sports equipment-namely, backboards, nets, racquets, balls, and ball rebounders." *See,* Exhibit B.

17.     Sport Court is also the owner of U.S. Trademark Reg. No. 1,727,818 for SPORT COURT for use in connection with "recreational and athletic play surfaces and related equipment for said surfaces; namely, nets, basketball backboards and lighting fixtures sold as a unit."  *See,* Exhibit B.

18.     Sport Court is also the owner of U.S. Trademark Reg. No. 1,177,220 for SPORT COURT for use in connection with "sports equipment, namely backboards, nets, racquets, balls, ball rebounders."  See, Exhibit B.

19.     Sport Court is also the owner of U.S. Trademark Reg. No.  2,479,328 for SPORT COURT for use in connection with "plastic interlocking floor tiles." See, Exhibit B.

20.     Sport Court has used its mark SPORT COURT in commerce since at least April of 1975 and enjoys both federal and common law trademark rights in the SPORT COURT mark.  These rights are referred to herein as "Sport Court's Trademarks."

21.      As result of Sport Court's long and extensive use of the SPORT COURT mark, the mark has become well known and highly respected in the flooring industry.

22.     Sport Court's goods and services have been widely advertised and extensively promoted under the SPORT COURT mark and the SPORT COURT mark has acquired significant goodwill.

23.     Because of Plaintiff's promotion and advertising under the SPORT COURT mark, the public has come to recognize Sport Court's goods and services under the SPORT COURT mark as solely emanating from Sport Court.

24.     As result of Plaintiff's extensive and longstanding use of its SPORT COURT mark, the mark has become famous.

4

25. Upon information and belief, Defendants Supersport and VanderVeen own and maintain the website http://webuildsports.com.

26. Defendants market, sell, and install flooring surfaces for athletic activities and events, and as a result Defendants are direct competitors with Sport Court in the athletic flooring industry.

27. On or about December 30, 2003 VanderVeen executed a Dealer Sales And Marketing Agreement (the "Agreement") for and on behalf of himself individually and his company, Echo Sports Corporation, with Sport Court's authorized marketing company, Midwest Athletics.

28. The Agreement granted VanderVeen conditional rights and privileges with respect to the use of Sport Court's trademarks.  *See*, the Agreement at ¶ 5.

29. Upon information and belief, the Agreement was terminated in 2004.

30. Paragraph 19 of the Agreement provides that upon termination of the Agreement, VanderVeen must "cease and desist any further use of SCI's [Sport Court International] trademarks and all other means of identification relating to SCI."

31. Paragraph 21 of the Agreement provides that VanderVeen shall not, "subsequent to the term of the Agreement, use SCI's trademarks or patents for any purpose other than as necessary for the performance of Dealer's duties under the terms of this Agreement."

32. Paragraph 23 of the Agreement provides that the obligations of paragraph 21 and 22 "shall survive the termination or expiration of this Agreement."

33. Paragraph 23 further provides that VanderVeen shall pay $5,000 in liquidated damages for each and every violation or breach of paragraphs 21 and 22.

5

**DEFENDANTS' MISCONDUCT**

34.     Subsequent to termination of the Agreement and after any rights granted to Defendants by the Agreement to use Plaintiff's marks had been revoked, Defendants have continued to use Sport Court's Trademarks in connection with Defendants' flooring products.

35.     Defendant Supersport's and VanderVeen's website, http://webuildsports.com uses Plaintiff's SPORT COURT mark within the text of the site to reference its athletic flooring goods and/or services.

36.     Additionally, Defendant Supersport's and VanderVeen's website, http://webuildsports.com uses Plaintiff's SPORT COURT mark within the hidden code of the website with, on information and belief, the intent to influence the results of internet search engine queries for "SPORT COURT."

37.     Upon information and belief, Defendant Supersport and VanderVeen use Plaintiff's SPORT COURT mark as keywords in Defendants' internet advertising campaigns, on information and belief, with the intent to misdirect internet searches for Plaintiff's mark "SPORT COURT" to Defendants' website.

38.     Upon information and belief, Defendants owns and/or use in commerce the URL http://sportcourtchicago.com in connection with its own flooring products. *See* Exhibit D.

39.     The URL http://sportcourtchicago.com is comprised of the SPORT COURT mark and infringes Sport Court's Trademark Rights.

40.     Upon information and belief, Defendants had constructive notice that Plaintiff owns federal trademark registration for SPORT COURT.

41. Upon information and belief, Defendants had actual notice that Plaintiff owns federal trademark registrations for SPORT COURT.

42. Defendants use Plaintiff's mark SPORT COURT in interstate commerce in connections with athletic flooring goods and services.

43. Defendants' use of Plaintiff's mark SPORT COURT is likely to cause consumer confusion as to the source of its goods and services and cause a false association between Defendants and Plaintiff.

44. Upon information and belief, Defendants' use of Plaintiff's mark SPORT COURT has resulted in, and will continue to result in, substantial and irreparable harm to Plaintiff and to consumers.

45. Upon information and belief, Defendants intended to and did trade on the goodwill associated with Sport Court's Trademark Rights, and has intentionally misled the public into assuming a connection between Sport Court and Defendants.

46. Upon information and belief, Defendants' use of Plaintiff's SPORT COURT mark constitutes a knowing and willful use of false designation of origin of Defendants' goods and services.

47. The unauthorized use of SPORT COURT by Defendants has caused and is causing irreparable injury to Sport Court.

48. VanderVeen entered into an Agreement to market and sell Sport Court's products. *See* Exhibit A.

## CAUSES OF ACTION

### COUNT I
#### TRADEMARK INFRINGEMENT UNDER §1125(A) OF THE LANHAM ACT

49. Sport Court realleges and incorporates by reference all of the foregoing

paragraphs.

50. Defendants' use of Plaintiff's SPORT COURT mark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Sport Court, or as to the origin, sponsorship, or approval of Defendants' good, services, or commercial activities.

51. Sport Court has been and will continue to be damaged by Defendants' use of Plaintiff's SPORT COURT mark.

52. Defendants' conduct constitutes trademark infringement under §1125(a) of the Lanham Act.

53. Because, on information and belief, Defendants' actions were willful, intentional and/or deliberate, Sport Court is entitled to an award of treble damages under §1125(a) of the Lanham Act.

54. Sport Court is entitled to an award of attorneys' fees under §1125(a) of the Lanham Act.

55. Sport Court is entitled to injunctive relief and monetary damages against Defendant.

## COUNT II
### TRADEMARK INFRINGEMENT UNDER §1114 OF THE LANHAM ACT

56. Sport Court realleges and incorporates by reference all the foregoing paragraphs.

57. Sport Court owns valid U.S. trademark registrations for the SPORT COURT mark.

58. Defendants' use of Plaintiff's registered SPORT COURT marks in commerce is likely to cause confusion, to cause mistake, or to deceive.

59. Defendants' infringement of Sport Court's registered marks has caused and continues to cause damage and irreparable injury to the value and goodwill of Sport Court's Trademark Rights as well as damage and irreparable injury to the Sport Court's goodwill, business, and reputation.

60. On information and belief, Defendants' use of Sport Court's marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of Sport Court's Trademark Rights.

61. Defendants' conduct is trademark infringement under §1114 of the Lanham Act.

62. Sport Court is entitled to treble damages under 35 U.S.C. §1117(a).

63. Sport Court is entitled to an award of attorneys' fees under 35 U.S.C. §1117(a).

64. Sport Court is entitled to injunctive relief and monetary damages against Defendants.

## COUNT III
### BREACH OF CONTRACT, UTAH COMMON LAW

65. Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

66. The Agreement constitutes a binding and legal contract between VanderVeen and Midwest Athletic.

67. Sport Court is a third party beneficiary to that Agreement

68. Sport Court complied with its obligations under the Agreement.

69. VanderVeen has violated the terms the Agreement though his continued

9

and unauthorized use of Sport Court's trademarks.

70. VanderVeen's conduct constitutes a breach of contract under Utah law.

71. Pursuant to paragraph 23 of the Agreement, VanderVeen acknowledges that his breach of the Agreement will cause irreparable harm to Sport Court.

## COUNT IV
### UTAH DECEPTIVE TRADE PRACTICES – U.C. A. § 13-11A-3

72. Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

73. By using the SPORT COURT mark, Defendants have passed off Defendants' goods and/or services as those of Sport Court.

74. On information and belief, Defendants knowingly made false representations as to source, sponsorship, approval, or certification of Defendants' goods and/or services by use of the SPORT COURT mark, having knowledge of Sport Court's ownership of the mark.

75. Defendants' conduct constitutes a violation of the Utah Deceptive Trade Practices Act.

76. Sport Court is entitled to recover damages for Defendants' conduct.

77. Sport Court is entitled to recover attorneys' fees.

78. Sport Court is entitled to enjoin Defendants from further use of its marks.

## COUNT V
### UTAH UNFAIR COMPETITION – U.C.A. § 13-5A-102

79. Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

80. Upon information and belief, Defendants have willfully and intentionally

infringed Sport Court's Trademark Rights.

81. Accordingly, Defendants' use of the SPORT COURT mark constitutes unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-101 et seq.

82. Sport Court has suffered actual damages, including lost profits, as a result of unfair business practices in an amount to be proven at trial.  Additionally, the harm to Sport Court arising from these acts is not fully compensable by money damages.  Sport Court has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendants is permanently enjoined.

83. Sport Court is entitled to treble damages.

84. Sport Court is entitled to punitive damages.

85. Sport Court is entitled to attorneys' fees.

## COUNT VI
### UNFAIR COMPETITION – 15 U.S.C. §1125(A)(1)(A)

86. Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

87. Upon information and belief, Defendants have willfully and intentionally infringed Sport Court's trademarks through Defendants' use of the mark in interstate commerce, which conduct is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' goods and/or services.

88. Defendants' use of the SPORT COURT mark is unfair competition in violation of the Lanham Act, 15 U.S.C. §1125 et seq.

89. Sport Court has suffered actual damages, including lost profits, as a result of unfair business practices in an amount to be proven at trial. Additionally, the harm to Sport Court arising from these acts is not fully compensable by money damages. Sport Court has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendants is permanently enjoined.

90. Sport Court is entitled to treble damages.

91. Sport Court is entitled to punitive damages.

92. Sport Court is entitled to attorneys' fees.

## COUNT VII
### UNJUST ENRICHMENT

93. Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

94. Defendants have benefited from the unauthorized and unfair use of Sport Court's marks.

95. Upon information and belief, Defendants have knowingly and fully appreciated the benefits received as result of such actions.

96. Defendants would be unjustly enriched if allowed to retain the proceeds of Defendants' misconduct.

97. Equity, fairness, and public policy dictate that Defendants be required to account for the benefits received through Defendants misconduct and pay Sport Court an amount equal to the value of the benefits.

## COUNT VIII
### TRADEMARK DILUTION – 15 § 1125(C)

98. Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

99. Plaintiff's SPORT COURT MARK is a famous mark pursuant to 15 § 1125(c).

100. Defendants' use of Plaintiff's SPORT COURT mark in commerce is likely to cause dilution by blurring or dilution by tarnishment pursuant to §1125(a) of the Lanham Act.

101. Sport Court has been and will continue to be damaged by Defendants' use of Plaintiff's SPORT COURT mark.

102. Because, on information and belief, Defendants' actions were willful, intentional and/or deliberate, Sport Court is entitled to an award of treble damages and an award of attorney's fees under §1117 of the Lanham Act.

103. Sport Court is also entitled to injunctive relief and monetary damages against Defendants.

## COUNT VIII
### CYBERPIRACY – 15 U.S.C. § 1125(D)

104. Sport Court realleges and incorporates by reference all of the foregoing paragraphs.

105. Upon information and belief, Defendants own and/or otherwise use the domain name www.sportcourtchicago in connection with their goods and services.

106. Upon information and belief, Defendants have a bad faith intent to profit from the use of the Sport Court Trademarks through their use of the

13

www.sportcourtchicago.com domain name.

107.     Accordingly, Defendants are liable to Plaintiff for Cyberpiracy pursuant to 15 U.S.C. § 1125(d) of the Lanham Act.

108.     Sport Court has been and will continue to be damaged by Defendants' use of Plaintiff's SPORT COURT mark in the subject domain name.

109.     Because, on information and belief, Defendants' actions were willful, intentional and/or deliberate, Sport Court is entitled to an award of treble damages and an award of attorney's fees under §1117 of the Lanham Act.

110.     Sport Court is also entitled to injunctive relief, transfer of the subject domain name, and monetary damages against Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in Sport Courts favor as follows:

A.     That the Court enter judgment declaring that Defendants' use of SPORT COURT infringes Plaintiff's registered trademarks under the Lanham Act;

B.     That the Court enter judgment declaring that Defendants' use of SPORT COURT infringes Plaintiff's common law trademark rights under the Lanham Act;

C.     That the Court enter judgment declaring that Defendants' use of SPORT COURT constitutes unfair competition under the Lanham Act;

D.     That the Court enter judgment declaring that Defendants' conduct constitutes unfair competition under U.C.A. §13-5A-101 et seq.;

E.     That the Court enter judgment that Defendants are liable for deceptive trade practices under U.C. A. § 13-11A-3;

F.    That the Court preliminarily and permanently enjoin Defendants from using any SPORT COURT or any mark that infringes Plaintiff's marks or unfairly competes with Plaintiff;

G.    That the Court require Defendants to pay monetary damages to Plaintiff in an amount to be proven at trial;

H.    That the Court enforce the Agreement's liquidated damages clause and require Defendants to pay Plaintiff in an amount to be proven at trial;

I.    That the Court enter judgment declaring that Defendants have been unjustly enriched;

J.    That the Court require Defendants to transfer the domain name www.sportcourtchicago.com to Plaintiff.

K.    That the Court require Defendants to pay prejudgment and post-judgment interest until such awards are paid;

L.    That the Court require Defendants to pay treble damages in an amount to be proven at trial;

M.    That the Court award Plaintiff punitive damages;

N.    That the Court require Defendants to pay Plaintiff's attorneys' fees incurred in this action;

O.    That the Plaintiff have such other and further relief as shall seem just and proper to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sport Court hereby demands a jury trial on all claims and issues so triable.

DATED this 5th day of March, 2013

                **THORPE NORTH & WESTERN, LLP**

                /Eric E. Westerberg/
                Peter M. de Jonge
                Jed H. Hansen
                Eric E. Westerberg

                Attorneys for Plaintiff, Connor Sport Court International, LLC